UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRELL WILLIAMS, | : | CIVIL ACTION NO. 3:CV-16-0868 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner, Tyrell Williams, an inmate confined in the State Correctional Institution, Albion, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The filing fee has been paid. Petitioner challenges an action by the Pennsylvania Board of Probation and Parole. (Doc. 1). Specifically, he states that "the Board could not recommit after expired maximum and recalculation of maximum sentences constitutes an illegal extension of his original judicially imposed sentence." Id. For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

## Discussion

"The federal habeas corpus statute straightforwardly provides that the

proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 542 U.S. 426, 433-436 (2004)(emphasis in original)(citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 442. The district court must have personal jurisdiction over the petitioner's custodian. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). This Court does not have that jurisdiction.

Although Williams states that he was convicted in the Lycoming County Court of Common Pleas, which is located in the Middle District of Pennsylvania, his habeas petition makes clear that he is not challenging the lawfulness of his underlying conviction. (See Doc. 1, petition). Instead, he is challenging subsequent actions of the Pennsylvania Board of Probation and Parole. Under the circumstances in this case, it would be more practical and equitable to transfer Petitioner's application to the Western District of Pennsylvania since that is where he and his

2

custodian are located. See <u>Bentley v. Tennis</u>, 2007 WL 4248258 (M.D. Pa. Nov. 30, 2007) (M.D. Pa. District Court considered inmate's § 2254 habeas petition challenging PBPP's denial of parole, based on ex post facto grounds, on state court sentence imposed in the E.D. Pa. since inmate was confined in M.D. Pa.); <u>Burkholder v. Wolfe</u>, 2007 WL 90427 (M.D. Pa. Jan. 9, 2007) (§ 2254 habeas petition challenging PBPP's denial of parole based on ex post facto clause was transferred from W.D. Pa. to M.D. Pa. under § 2241(d) since inmate was confined in M.D. Pa.). A separate Order will be issued.

/s/ William J. Nealon
**United States District Judge**